UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

**FILED**

MAY 1 4 2009



CLERK

---

HAROLD W. RINEHART,

Plaintiff,

vs.

FREMAR, LLC; and

MIDWEST COOPERATIVES,

Defendants.

Docket No.:  09 -4066

CIVIL ACTION

**COMPLAINT**

**AND DEMAND FOR JURY TRIAL**

---

Plaintiff, by and through his attorney, Michael E. Unke, of Salem, State of South Dakota, for

the Complaint and Jury Demand against defendants, states, avers and alleges as follows:

## BACKGROUND

1.    This is an action for breach of contract against the defendants in the application of chemicals

on land leased by the plaintiff and the resulting damages.

## PARTIES, VENUE AND JURISDICTION

2.    This is an action for damages that exceeds the jurisdictional minimum of this Court.

3.    Venue is appropriate because one of the defendants, Fremar, LLC is a Minnesota limited

liability company and has a branch office in Marion, Turner County, South Dakota. The other defendant,

Midwest Cooperatives, is a South Dakota corporation with its home office located in Phillip, Haakon

County, South Dakota. Plaintiff is a resident of Bridgewater, McCook County, South Dakota.

4.    This suit is brought under the United States Constitution and the common law of the State of

South Dakota to recover damages and other relief, including the costs of suit and reasonable attorneys'

and expert fees, for the damages plaintiff incurred as a result of the defendants' breach of contract in

applying Atrazine on 1950 acres of farmland in Haakon County, South Dakota.

5.    Plaintiff, HAROLD W. RINEHART, at all times relevant hereto, was a resident of rural Bridgewater, McCook County, South Dakota.

6.    Defendant FREMAR, LLC, (hereinafter "defendants" or FREMAR) is a limited liability company with its home state located in Minnesota, and a branch office located in Marion, Turner County, South Dakota.

7.    Defendant MIDWEST COOPERATIVES, (hereinafter "defendants" or MIDWEST) is a corporation with its principle place of business located in Phillip, Haakon County, South Dakota .

8.    At all times relevant, defendants were engaged in the business of selling and applying fertilizer and chemicals.  Plaintiff alleges on information and belief that defendants do business in South Dakota and this country.

9.    The jurisdictional amount exceeds $250,000.00 exclusive of attorney fees, costs, interest, etc.

10.   Plaintiff hereby incorporates by reference as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows.

## FACTUAL ALLEGATIONS

11.   That plaintiff in 2004 entered into a contract or loan agreement with the Cooperative Finance Association to obtain his input costs for the 2004 crop year.  The Cooperative Finance Association out of Kansas City, Missouri was the lender Fremar, LLC worked with.  Fremar, LLC obtained a UCC1 on all of plaintiff's crops to secure the loan.  Fremar, LLC provided the fertilizer, chemicals and seed for plaintiff's 2004 crop.

12.   That plaintiff in 2004 and 2005 rented 2200 acres in Haakon County, South Dakota.

13.   That plaintiff on or about June 4, 2004 contracted with Fremar, LLC through Midwest Cooperatives to spray 2200 acres of sorghum with Ramrod.  Midwest Cooperative sprayed 250 with Ramrod.  The rest of the spraying was delayed due to weather.  In the interim Fremar LLC contacted Midwest Cooperative and told Midwest to use Atrazine on the remaining acres, which was 1950 acres, since Fremar, LLC was financing plaintiff.  Atrazine was used; however, plaintiff was never contacted by the defendants.  Plaintiff did not want Atrazine used because he was intending to plant winter wheat in the fall of 2004.

14.   2004 was dry in Haakon County. The sorghum was cut for silage. In the fall of 2004, plaintiff planted winter wheat on the 2200 acres not knowing that Atrazine was applied in June of 2004. Because of the dry condition the Atrazine did not activate.

15.   That in the spring of 2005, plaintiff noticed a problem with 1950 acres of the winter wheat. The 250 acres had a good stand. Plaintiff contacted crop Tech of Winner, South Dakota to determine the problem. Crop Tech thought it was an insect problem. When Crop Tech contacted Midwest Cooperatives about pesticide Crop Tech was informed that the problem was due to the Atrazine. Crop Tech informed plaintiff of Midwest Cooperatives statements.

16.   That plaintiff harvested the winter wheat in 2005, the 250 acres, where Ramrod was used, yielded 50 bushels the remaining 1950 acres, where Atrazin was used, yielded 4 to 5 bushels.

17.   That plaintiff contacted Fremar, LLC about the loss. Fremar, LLC told plaintiff if plaintiff pursued this that Fremar, LLC would prosecute plaintiff criminally for selling three loads of beans.

18.   That plaintiff's loss was large 45 bushels difference between the 250 acres and the 1950 acres at $5.00 per bushel is $438,750.00.

19.   The loss plaintiff suffered ultimately led to the end of his farming operation.

20.   That defendants breached their contract with plaintiff by directing the application of Atrazine on the 1950 acres and not informing plaintiff. As a result of this breach of contract, plaintiff suffered damages in an amount to be proven at trial.

21.   That defendants' actions were also fraudulent.

22.   FREMAR in threatening criminal prosecution to avoid a civil lawsuit in directing the application of Atrazine without authorization or authority and by failing to inform plaintiff was willful and wanton conduct.

23.   Plaintiff should be awarded punitive damages for defendants' conduct and fraud.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays for judgment against defendants and relief as follows in amounts to be determined at trial:

> 1.   Compensatory damages in excess of the jurisdictional amount, in an amount to be determined at trial of this action.

2. Pre- and post-judgment interest;

3. Attorney's fees, expenses, and costs of this action as allowed by law;

4. Punitive/Exemplary damages; and

5. Such further relief as this Court deems necessary, just and proper.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all issues.

Dated this 13th day of May, 2009.

Respectfully submitted:

Michael E. Unke
Attorney for the Plaintiff
341 N. Main Street, P.O. Box 529
Salem, South Dakota 57058-0529
Telephone: (605) 425-3131
Facsimile: (605) 425-2977