UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| LEE ANN PIERCE, Bankruptcy Trustee for Harold W. Rinehart Bankruptcy Estate, | ) ) ) ) | CIV. 09-4066-KES |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | ORDER DENYING DEFENDANTS' OBJECTIONS TO PLAINTIFF'S DISCLOSURE OF EXPERT WITNESSES AND REPORTS |
| FREMAR, LLC and MIDWEST COOPERATIVES, | ) ) ) | |
| Defendants. | ) | |

Plaintiff, Lee Ann Pierce, filed suit against defendants, Fremar, LLC and Midwest Cooperatives, on a breach of contract claim. Defendants collectively object to Pierce's expert witnesses and reports. Pierce responds to the objections with additional reports from her experts.

## BACKGROUND

The pertinent facts on this issue are as follows. Pierce is the bankruptcy trustee for Harold W. Rinehart's bankruptcy estate. Pierce brought suit against Fremar, LLC and Midwest Cooperatives for allegedly spraying the wrong herbicide on Rinehart's fields and ruining his planting of winter wheat, which contributed to his filing for bankruptcy. Docket 1. The parties are now at the discovery stage in this matter.

Midwest Cooperatives filed objections to two expert witnesses and reports disclosed by Pierce, namely experts Darwin Miller and Tait Lacey.

Docket 54. Fremar later joined in the objections. Docket 57. Pierce responded to the objections by providing Miller's and Lacey's expert reports. Docket 58-1; 58-2. Defendants responded to Pierce's disclosure in a May 4, 2010, letter, but only asked Pierce for additional information about Miller, specifically "all of the documentation which Miller relied upon to prepare his report," including "various financial statements and the Rinehart bankruptcy petition and other filings." Docket 59-1.

**DISCUSSION**

Because Midwest Cooperatives and Fremar are seeking more information from Pierce regarding discovery matters but have not sought any specific relief, the court will treat their objections as a motion to compel discovery under Federal Rule of Civil Procedure 37.[1] Rule 37 and the applicable local rule have a meet-and-confer requirement before the court intervenes. Under Rule 37, a party's "motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). The local rules have a similar provision: "A party filing a motion concerning a discovery dispute shall file a separate certification describing the good faith efforts of the parties to resolve the dispute." D.S.D. Civ. LR 37.1.

---

[1] The court also notes, but does not address, that if the defendants intended to make a motion, they failed to file a written brief as required under the local rules. D.S.D. CIV. L.R. 7.1(B).

Parties need not file an affidavit stating that they met and conferred in good faith to resolve the discovery dispute. *Pucket v. Hot Springs Sch. Dist.*, 239 F.R.D. 572, 579 (D.S.D. 2006) (holding that a discussion between the parties satisfied the meet-and-confer requirement). The meet-and-confer requirement, however, is not "an empty formality." *Robinson v. Napolitano*, No. CIV. 08-4084, 2009 WL 1586959, at *4 (D.S.D. June 4, 2009) (citation omitted). Before the court grants a Rule 37 motion, the parties, at a minimum, must have informally requested the information and been denied access by the other party. *See Alliance Commc'n. Coop., Inc. v. Golden West Telecomm. Coop., Inc.*, No. CIV. 06-4221-KES, 2009 WL 512023, at *3 (D.S.D. Feb. 27, 2009) (finding that when a party "informally requested this discovery on numerous occasions" it satisfied the meet-and-confer requirement). Email, letters, or, even better, direct conversation between the attorneys will satisfy the requirement. *Short v. Womack*, No. CIV. 07-4155, 2010 WL 56088, at *4 (D.S.D. Jan. 5, 2010).

In short, the court does not grant relief unless the parties are at an impasse. *Robinson*, 2009 WL 1586959, at *4. The court will not intervene if a party timely addresses the concerns of the party seeking the discovery. *See id.* at *5 (refusing to grant relief under Rule 37 because the party always provided additional information when requested).

Midwest Cooperatives filed objections to two of Pierce's expert witnesses, Lacey and Miller, and Fremar later joined in those objections. Docket 54;

3

Docket 57. In response, Pierce provided Miller's and Lacey's expert reports, curriculum vitae, and other requested information. Docket 58-1; 58-2. Defendants then filed a letter to Pierce with the court requesting the information that Miller relied on in making his report. Docket 59-1.

There is no evidence in the record, neither a formal affidavit nor evidence of an informal discussion, that Pierce and either Midwest Cooperatives or Fremar met and conferred before Midwest filed its initial objections. Further, Pierce responded within a reasonable time to the objections with the requested information. There is no evidence that Pierce has refused to give defendants the information Miller used in developing his expert report, so there is no impasse for the court to resolve. The parties must meet and confer to determine what records the defendants seek and if Pierce will be able and willing to provide them before the court will intervene in this matter. Accordingly, it is

ORDERED that defendants' objections to plaintiff's disclosure of expert witnesses and report (Docket 54) are overruled.

Dated August 27, 2010.

                              BY THE COURT:

                              /s/ *Karen E. Schreier*
                              KAREN E. SCHREIER
                              CHIEF JUDGE