UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| LEE ANN PIERCE, Bankruptcy Trustee for Harold W. Rinehart Bankruptcy Estate, | ) ) ) ) | CIV. 09-4066-KES |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | ORDER GRANTING PLAINTIFF'S MOTION TO SUBSTITUTE AN EXPERT WITNESS |
| FREMAR, LLC; and MIDWEST COOPERATIVES, | ) ) ) | |
| Defendants. | ) | |

Lee Ann Pierce, Harold W. Rinehart's bankruptcy trustee, maintains suit against defendants, Fremar, LLC, and Midwest Cooperatives, on a breach of contract claim. Pierce moves to substitute a new expert witness. Defendants resist the motion. The motion is granted.

## BACKGROUND

The pertinent facts on this issue are as follows: Rinehart brought suit against Fremar and Midwest Cooperatives on May 14, 2009, for allegedly spraying the wrong herbicide on Rinehart's fields and ruining his planting of winter wheat.

On October 13, 2009, Rinehart disclosed Tait Lacey, officer and part owner of Lacey's Farmacy, as an expert witness. On November 17, 2009, the parties notified the court that Rinehart had filed a petition for bankruptcy. This lawsuit was listed as potential property of the bankruptcy estate. Based

on the parties' stipulation, the court entered an order staying this action on November 17, 2009. On January 19, 2010, the court lifted the stay and substituted Pierce as bankruptcy trustee for Rinehart's bankruptcy estate as the plaintiff in this action. A new scheduling order was issued by the court on February 4, 2010, which required Pierce to disclose any additional experts by March 4, 2010, and required defendants to disclose their responsive experts by April 2, 2010.

Lacey's Farmacy had a $43,000 claim against Rinehart and was named as a creditor in his original bankruptcy action. Pierce claims that immediately before Lacey's scheduled deposition in August of 2010, Lacey informed her that he no longer wished to be an expert witness. The parties did not depose Lacey that day. Pierce seeks to substitute Todd Michael Landsman, an agronomist, for Lacey. Because the parties were unable to resolve the matter, Pierce filed this motion. Fremar opposes the motion. Midwest Cooperatives joins in Fremar's opposition.

## DISCUSSION

### I. Good Cause

Pierce seeks to amend the court's Rule 16 scheduling order from February 4, 2010, and add Landsman as an expert. A Rule 16 "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

"The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). " 'The existence or degree of the prejudice to the party opposing the modification' and other factors may also affect the decision." *Id.* (quoting *Johnson*, 975 F.3d at 609). A district court's order to amend a Rule 16 scheduling order is reviewed under an abuse of discretion standard. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008) (citation omitted).

Pierce argues that Lacey has a conflict of interest because he was an unsecured creditor in Rinehart's bankruptcy action. Defendants respond that Lacey does not have a conflict of interest because Lacey's claim was discharged when the debtor was discharged. Because Lacey has indicated that he is unwilling to testify as an expert witness, it is irrelevant whether Lacey has a conflict of interest. On the day that Lacey's deposition was to be taken in August of 2010, Lacey told Pierce's counsel about his bankruptcy claim and that he no longer wished to be an expert witness. Lacey explained that because his business is in Salem, South Dakota, and Fremar operates in Parker and Salem, he believed it would not be good for his business if he served as Pierce's expert witness.

Defendants dispute that Lacey stated he does not want to be an expert because there is no evidence to support Lacey's statement: "Were there any

3

validity to this claim, one would certainly assume we would have seen evidence through more than a mention in these two pleadings." Docket 69 at 3. But this argument misstates the facts, as evidenced by a letter from defendants' counsel to Pierce's counsel dated August 10, 2010:

> Today after the deposition of Darwin Miller . . . we expected to take the deposition . . . of your named expert Tait Lacey. You indicated that based upon these two factors [Lacey's conflict of interest and the need for an agronomy expert], you would not utilize Mr. Lacey as an expert in this case . . . I just wanted to send a note confirming that you've withdrawn Lacey as your expert and why we did not depose him.

Docket 62-5.

As acknowledged by the letter dated August 10, 2010, Lacey's unwillingness to testify arose in August of 2010, when Lacey told Pierce's counsel shortly before his deposition that he no longer wished to be an expert. As soon as Pierce knew that Lacey refused to be her expert witness, she notified defendants. Pierce then tried to secure a stipulation from defendants to substitute a new expert on August 12, 2010. When defendants refused, Pierce filed this motion on August 17, 2010. Pierce gave defendants adequate notice that Lacey had refused to testify.

The purpose of the Federal Rules of Civil Procedure is to " 'make a trial less a game of blind man's bluff and more a fair contest.' " *Brown Badgett, Inc. v. Jennings*, 842 F.2d 899, 902 (6th Cir. 1988) (quoting *United States v. Procter & Gamble, Co.*, 356 U.S. 677, 682-83 (1958)). If a party's expert indicates that he is unwilling to testify and the court denies that party's request to substitute

4

a new expert, the contest is no longer fair. *See, e.g., Spoden v. Abbe Cntr. for Cmty. Care, Inc.*, No. C09-0156, 2010 U.S. Dist. LEXIS 74190, at *8-9 (N.D. Iowa, July 22, 2010) (allowing a plaintiff who, for reasons beyond her control, was unable to timely disclose expert witnesses, to extend the Rule 16 deadlines). Pierce cannot force Lacey to testify as an expert witness and, like in *Spoden*, because the reasons for substituting an expert witness are beyond Pierce's control, she has shown good cause.

## II. Excusable Neglect

Even though Pierce has shown good cause, because she is moving for an extension of the Rule 16 order after the time for an extension has passed, she must also show excusable neglect. *Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010). Excusable neglect has a four-part showing: "(1) the possibility of prejudice to [defendants]; (2) the length of [plaintiff's] delay and the possible impact of that delay on judicial proceedings; (3) [plaintiff's] reasons for delay, including whether the delay was within [her] reasonable control; and (4) whether [plaintiff] acted in good faith." *Id.* (internal quotations omitted).

Under the first element, defendants argue that they are prejudiced because their expert, Smith, has already reviewed Lacey's expert report and, after reviewing that report, submitted his own expert report. The court, however, can rectify this prejudice by requiring Pierce to pay for any additional expert witness fees incurred by defendants in an award of sanctions.

5

The second element requires that any delay not affect judicial proceedings. The parties began deposing witnesses in August of 2010. There is currently no trial date set in this matter and the parties have agreed to mediation with Magistrate Judge John E. Simko on December 15, 2010. A new expert and updated expert reports will likely not delay trial of this case.

As explained above, Pierce had no control over Lacey and could not prevent him from refusing to continue as an expert witness the day that his deposition was scheduled. Thus, element three is met.

Similarly, element four is met because the main reason for Pierce's seeking a new expert is Lacey's refusal to cooperate. As soon as Pierce realized that Lacey was unwilling to continue as an expert witness, she acted in good faith and sought an immediate resolution to the issue. Given these facts, the court finds that Pierce has met the threshold under the excusable neglect standard for an amendment to the Rule 16 order after the deadline has passed.

**III.   Sanctions**

The district court has wide latitude to impose sanctions for violations in the discovery process. *Pleasants v. Am. Express Co.*, 541 F.3d 853, 859 (8th Cir. 2008). "The sanction imposed must be fair and tailored to the issue raised by [the] discovery order." *Card Tech. Corp. v. DataCard, Inc.*, 249 F.R.D. 567, 571 (D. Minn. 2008) (citing *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982)). "Judicial discretion is 'the

responsible exercise of official conscience on all the facts of a particular situation,' taking into consideration the purpose of the exercised power." *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 594 (8th Cir. 2001) (quoting *Wright v. Sargent*, 869 F.2d 1175, 1176 (8th Cir. 1989)).

Under Rule 37, if a party violates a discovery order, the court may order the payment of reasonable expenses or other appropriate sanctions. Fed. R. Civ. P. 37(c)(1)(A)-(C). The purpose of Rule 37 and Rule 26 sanctions is to deter abuse and compensate the opposing party for " 'all expenses, whenever incurred, that would not have been sustained had the opponent conducted itself property.' " *Johnson Int'l Co. v. Jackson Nat'l Life Ins. Co.*, 19 F.3d 431, 439 n.10 (8th Cir. 1994) (quoting *In re Stauffer Seeds, Inc.*, 817 F.2d 47, 50 (8th Cir. 1987)).

As stated above, even if Pierce knew that Lacey had some financial interest in Rinehart's bankruptcy, she did not know that Lacey would refuse to testify until the day the attorneys were supposed to depose him. The error, however, was not harmless because Smith had already issued his expert report. Defendants, through no fault of their own, will incur additional costs because Smith will likely need to review Landsman's expert report and issue responsive reports or opinions.

Defendants have indicated that only one expert, Smith, would need to review Landsman's updated report. Smith charges $100 an hour. An appropriate sanction is for Pierce to pay Smith $100 an hour not to exceed 15

hours, for the time he will need to review Landsman's expert report, supplement his own report, or for any time spent in further deposition over Landsman's report.

Defendants also argue that prejudice exists because Pierce was allowed to revise her theory after defendants produced their experts. Any prejudice, however, can be rectified by extending deadlines for defendants to respond to Landsman's expert report. Landsman's expert report has already been filed. Defendants will have until **February 14, 2011**, to submit any supplemental expert reports in response to Landsman's report. Accordingly, it is

ORDERED that plaintiff's motion to substitute an expert (Docket 60) is granted.

Dated December 14, 2010.

> BY THE COURT:
>
> /s/ *Karen E. Schreier*
> KAREN E. SCHREIER
> CHIEF JUDGE